UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DISTRICT

RICHARD WAGNER, Individually, :
:
      Plaintiff, :
:
vs. : Case No. 2:14-cv-994
:
WHITE CASTLE SYSTEM, INC., a Delaware :
Corporation, d/b/a WHITE CASTLE :
RESTAURANTS, :
:
      Defendant. :
_____/

## COMPLAINT

Plaintiff, RICHARD WAGNER, Individually, and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, WHITE CASTLE SYSTEM, INC., a Delaware Corporation, d/b/a WHITE CASTLE RESTAURANTS, (sometimes referred to herein as "White Castle" or "Defendant"), for Injunctive Relief, damages, attorney's fees, litigation expenses, and costs, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

**COUNT I**
**VIOLATION OF TITLE III OF THE**
**AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 13181,** *et seq.*

1. Plaintiff, RICHARD WAGNER, is an individual residing in Columbus, Ohio.

2. Defendant's properties, White Castle, are located in Columbus, OH, and throughout the State of Ohio.

Case: 2:14-cv-00994-ALM-MRA Doc #: 1 Filed: 07/28/14 Page: 2 of 16  PAGEID #: 2

3. Plaintiff RICHARD WAGNER, is an Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Wagner was involved in a motorcycle accident, sustaining a spinal cord injury, resulting in his becoming paraplegic, and requires the use of a wheelchair to ambulate. Richard Wagner has visited the properties which form the basis of this lawsuit and plans to return to the properties to avail himself of the goods and services offered to the public at the properties. Mr. Wagner travels to friends and family in various areas in Ohio, attends classic sports car shows throughout Ohio, and also races cars in various areas in Ohio. Mr. Wagner frequently visits White Castle restaurants. The Plaintiff has encountered architectural barriers at the subject properties. The barriers to access at the properties, which have been personally encountered by Plaintiff Wagner, have made it more difficult for Plaintiff Wagner to enter the premises, to eat inside the premises, to get around the premises, to use the restroom inside the premises, to park in front the premises, and to use the counters, and have denied him the full and equal access to Defendant's restaurants.

4. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

5. Venue is properly located in the Southern District of Ohio because venue lies in the judicial district of the properties' situs. Venue is proper in the Southern District of Ohio because a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of the properties that are the subject of the action, are situated in the Southern District of Ohio.

6. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the

3. Plaintiff RICHARD WAGNER, is an Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Wagner was involved in a motorcycle accident, sustaining a spinal cord injury, resulting in his becoming paraplegic, and requires the use of a wheelchair to ambulate. Richard Wagner has visited the properties which form the basis of this lawsuit and plans to return to the properties to avail himself of the goods and services offered to the public at the properties. Mr. Wagner travels to friends and family in various areas in Ohio, attends classic sports car shows throughout Ohio, and also races cars in various areas in Ohio. Mr. Wagner frequently visits White Castle restaurants. The Plaintiff has encountered architectural barriers at the subject properties. The barriers to access at the properties, which have been personally encountered by Plaintiff Wagner, have made it more difficult for Plaintiff Wagner to enter the premises, to eat inside the premises, to get around the premises, to use the restroom inside the premises, to park in front the premises, and to use the counters, and have denied him the full and equal access to Defendant's restaurants.

4. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

5. Venue is properly located in the Southern District of Ohio because venue lies in the judicial district of the properties' situs. Venue is proper in the Southern District of Ohio because a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of the properties that are the subject of the action, are situated in the Southern District of Ohio.

6. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the

  Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

7. Defendant owns, leases, leases to, or operates places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.  The places of public accommodation in Ohio that the Defendant owns, operates, leases, or leases to, are known as White Castle, and are located at:

 a. 965 N. High Street, Columbus, OH

 b. 4525 Kenny Road, Columbus, OH

 c. 1435 E. Dublin Granville Road, Columbus, OH

 d. 801 E. Fifth Avenue, Columbus, OH

 e. 1555 W. Broad Street, Columbus, OH

and throughout the state of Ohio at the following locations:

| | |
|---|---|
| 8853 Reading Rd.<br>Reading, OH 45215 | 4010 Williams Dr.<br>Cincinnati, OH 45255 |
| 2650 Reading Rd.<br>Cincinnati, OH 45206 | 1073 S.R. 28<br>Milford, OH 45150 |
| 3201 Harrison Ave.<br>Cincinnati, OH 45211 | 851 High St.<br>Hamilton, OH 45011 |
| 3940 Ludlow Ave.<br>Cincinnati, OH 45223 | 8111 Highland Pointe Drive<br>West Chester, OH 45069 |
| 5075 Montgomery Rd.<br>Norwood, OH 45212 | 3540 W. Broad St.<br>Columbus, OH 43228 |
| 9740 Colerain Ave.<br>Colerain Twp., OH 45251 | 1111 S. High St.<br>Columbus, OH 43206 |
| 11575 Springfield Pike<br>Springdale, OH 45246 | 1080 S. Hamilton Rd.<br>Columbus, OH 43227 |

9001 Fields Ertel Rd.
Cincinnati, OH 45249

864 Eastgate S. Dr.
Cincinnati, OH 45245

3030 Central Pkwy.
Cincinnati, OH 45225

3411 Warsaw Ave.
Cincinnati, OH 45205

923 North Bend Rd.
Cincinnati, OH 45224

7400 Vine St.
Cincinnati, OH 45216

10910 New Haven Rd.
Harrison, OH 45030

6901 S. R. 123
Franklin, OH 45005

5301 Delhi Rd
Cincinnati, OH 45238

7313-7319 Hamilton Ave.
Mt. Healthy, OH 45231

4780 Roosevelt Blvd.
Middletown, OH 45044

3410 Highland Ave.
Cincinnati, OH 45213

64 W. Mitchell Ave.
Cincinnati, OH 45217

5590 Dixie Hwy.
Fairfield, OH 45014

5201 Salem Bend
Trotwood, OH 45426

2925 S. Hamilton Rd.
Columbus, OH 43232

1025 Alum Creek Dr.
Columbus, OH 43209

1620 Stringtown Rd.
Grove City, OH 43123

904 Hebron Rd.
Heath, OH 43056

1550 Hilliard-Rome Rd.
Hilliard, OH 43026

6791 E. Broad St.
Columbus, OH 43213

2125 Schorrway Dr. N.W.
Lancaster, OH 43130

24599 U.S. Hwy. 23
Circleville, OH 43113

7120 St. Rte. 37-E
Sunbury, OH 43074

1617 Holt Rd.
Columbus, OH 43228

3615 S. High St.
Columbus, OH 43207

8787 Owenfield Dr. US 23
Powell, OH 43065

3751 S. Hamilton Rd.
Columbus, OH 43232

1000 N. Bridge St.
Chillicothe, OH 45601

648 N. State St.
Westerville, OH 43082

| | |
|---|---|
| 811 W. 8th St.<br>Cincinnati, OH 45203 | 2900 S. Arlington Rd.<br>Akron, OH 44312 |
| 6517 Harrison Ave.<br>Cincinnati, OH 45247 | 1090 Lydia Dr.<br>Marysville, OH 43040 |
| 5404 N. Bend Rd.<br>Cincinnati, OH 45247 | |

8. Plaintiff RICHARD WAGNER has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to these properties as described but not necessarily limited to the allegations in paragraph 9 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. RICHARD WAGNER desires to visit White Castle not only to avail himself of the goods and services available at the property but to assure himself that these properties are in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the properties without fear of discrimination.

9. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the White Castle Restaurants named herein have shown that violations exist. These violations which were encountered by Mr. Wagner include, but are not limited to:

   I. **WHITE CASTLE LOCATED AT: 965 N. High Street, Columbus, OH**

   A. There is not a continuous accessible route connecting all accessible buildings, accessible elements, accessible spaces that are on the same site; in violation of section 206.2.2 of the 2010 ADA Standards for Accessible Design.

B. The entrance does not provide compliant directional and informational signage; in violation of section 216.6 of the 2010 ADA Standards for Accessible Design.

C. On the accessible route, there are changes in level exceeding ¼ inch that are not beveled; in violation of sections 206.2.2 and 303.3 of the 2010 ADA Standards for Accessible Design.

D. There is no level landing provided at the doorway to the facility; in violation of sections 206.2.2 and 404.2.4 of the 2010 ADA Standards for Accessible Design.

E. The maneuvering clearance to exit the restroom door is less than the prescribed minimums; in violation of sections 206.2.4 and 404.2.4 of the 2010 ADA Standards for Accessible Design.

F. Some of the designated accessible parking spaces have faded paint and have not been maintained; in violation of sections § 36.211 and 208 of the 2010 ADA Standards for Accessible Design.

G. The facility lacks a "Van" designated accessible parking space; in violation of section  208.2.4 and 502 of the 2010 ADA Standards for Accessible Design.

H. The side grab-bar in the toilet compartment does not comply with the requirements prescribed in section 604.5 of the 2010 ADA Standards for Accessible Design.

I. The toilet paper dispenser is not located 12" minimum above the side grab bar; in violation of section 609.3 of the 2010 ADA Standards for Accessible Design.

J. There are urinal's flush controls are located outside of the required reach range; in violation of sections 213.3.3, 308.2 and 605.4 of the 2010 ADA Standards for Accessible Design.

K. There are exposed water supply lines under the lavatory; in violation of section 606.5 of the 2010 ADA Standards for Accessible Design.

L. The drain pipe insulation is falling off and has not been maintained; in violation of sections 213.3 and § 36.211 of the 2010 ADA Standards for Accessible Design.

    M.    There are dining surfaces provided at the facility that do not comply with the standards prescribed in violation of sections 226, 306, 902.1, 902.2 and 902.3 of the 2010 ADA Standards for Accessible Design.

    N.    The Customer Service counter exceeds the maximum height set forth in sections 226.1 and 904.4.1 of the 2010 ADA Standards for Accessible Design.

II.    **WHITE CASTLE LOCATED AT: 4525 Kenny Road, Columbus, OH**

    A.    The entrance does not provide compliant directional and informational signage; in violation of section 216.6 of the 2010 ADA Standards for Accessible Design.

    B.    On the accessible route, there are changes in level exceeding ¼ inch that are not beveled; in violation of sections 206.2.2 and 303.3 of the 2010 ADA Standards for Accessible Design.

    C.    There are elements at the self service counter that exceed the maximum height set forth in sections 227.4 and 308.3.2 of the 2010 ADA Standards for Accessible Design.

    D.    The curb ramp has a change in level at the terminus of the ramp; in violation of sections 206.2.2, 303.3 and 405.4 of the 2010 ADA Standards for Accessible Design.

    E.    The maneuvering clearance to exit the restroom door is less than the prescribed minimums; in violation of sections 206.2.4 and 404.2.4 of the 2010 ADA Standards for Accessible Design.

    F.    Some of the designated accessible parking spaces do not have signs identifying them as accessible parking; in violation of section 216.5, 502.6 and 703.7.2.1 of the 2010 ADA Standards for Accessible Design.

    G.    The facility lacks a "Van" designated accessible parking space; in violation of section 208.2.4 and 502 of the 2010 ADA Standards for Accessible Design.

    H.    The side grab-bar in the toilet compartment does not comply with the requirements prescribed in section 604.5 of the 2010 ADA Standards for Accessible Design.

    I.      The toilet paper dispenser is not located 12" minimum above the side grab bar; in violation of section 609.3 of the 2010 ADA Standards for Accessible Design.

    J.      There are exposed water supply lines under the lavatory; in violation of section 606.5 of the 2010 ADA Standards for Accessible Design.

    K.      The trash receptacle obstructs the clear floor space to access the hand dryer; in violation of section 305.3 of the 2010 ADA Standards for Accessible Design.

    L.      The baby changing station obstructs the clear width to access the urinal; in violation 403.5.1 of the 2010 ADA Standards for Accessible Design.

    M.      The water closet's toilet flush is not located on the wide side of the toilet area; in violation of section 604.6 of the 2010 ADA Standards for Accessible Design.

    N.      The restroom toilet compartment door lacks the proper hardware for disabled patrons; in violation of sections 213.3.1, 309.4, 404.2.7 and 604.8.1.2 of the 2010 ADA Standards for Accessible Design.

    O.      The opening force for the restroom door is more than 5 lbs of pressure; in violation of section 404.2.9 of the 2010 ADA Standards for Accessible Design.

    P.      There are dining surfaces provided at the facility that do not comply with the standards prescribed in violation of sections 226, 306, 902.1, 902.2 and 902.3 of the 2010 ADA Standards for Accessible Design.

III.    **WHITE CASTLE LOCATED AT: 1435 E. Dublin Granville Road, Columbus, OH**

    A.      The elements of the self service soda machine exceed the maximum height set forth in sections 206.2.4 and 308.3.2 of the 2010 ADA Standards for Accessible Design.

    B.      There are doors servicing the facility that lack the required maneuvering clearance in violation of section 206.2.4 and 404.2.4 of the 2010 ADA Standards for Accessible Design.

C. Some of the signs identifying the designated accessible parking spaces are not mounted 60 inches above the ground to the bottom of the sign in violation of sections 216.5 and 502.6 of the 2010 ADA Standards for Accessible Design.

D. There are designated accessible parking spaces at the facility that do not provide the required 60 inch wide access aisle the full length of the parking space; in violation of sections 208.1, 502 and 502.3 of the 2010 ADA Standards for Accessible Design.

E. There are exposed water supply lines under the lavatory; in violation of section 606.5 of the 2010 ADA Standards for Accessible Design.

F. The baby changing station impedes into the clear floor space of the lavatory; in violation of section 604.8.1.1 of the 2010 ADA Standards for Accessible Design.

G. There is a storage hook provided that is located out of the prescribed reach ranges, violating sections 206.2.4 and 604.8.3 of the 2010 ADA Standards for Accessible Design.

H. The Customer Service counter exceeds the maximum height set forth in sections 227.3 and 904.4.1 of the 2010 ADA Standards for Accessible Design.

I. The bar counter exceeds the maximum height set forth in sections 226.1 and 902.3 of the 2010 ADA Standards for Accessible Design.

IV. **WHITE CASTLE LOCATED AT: 801 E. Fifth Avenue, Columbus, OH**

A. There are doors servicing the facility that lack the required maneuvering clearance in violation of section 206.2.4 and 404.2.4 of the 2010 ADA Standards for Accessible Design.

B. There are exposed water supply lines under the lavatory; in violation of section 606.5 of the 2010 ADA Standards for Accessible Design.

C. There are dispensers provided for public use in the restrooms, with controls outside the ranges prescribed in sections 308.2.2 and 606.1 of the 2010 ADA Standards for Accessible Design.

D. The mirrors provided for public use in the restrooms are in violation of the section 603.3 of the 2010 ADA Standards for Accessible Design.

 E. The baby changing station impedes into the clear floor space to exit the toilet room; in violation of section 604.8.1.1 of the 2010 ADA Standards for Accessible Design.

 F. The Customer Service counter exceeds the maximum height set forth in sections 227.3 and 904.4.1 of the 2010 ADA Standards for Accessible Design.

V. **WHITE CASTLE LOCATED AT: 1555 W. Broad Street, Columbus, OH**

 A. The elements at the self service soda machine that exceed the maximum height set forth in sections 206.2.4 and 308.3.2 of the 2010 Standards.

 B. There are doors servicing the facility that lack the required maneuvering clearance in violation of section 206.2.4 and 404.2.4 of the 2010 Standards.

 C. There are sides of curb ramps at the facility that contain slopes steeper than the maximum allowance in violation of sections 206.2.4 and 406.3 of the 2010 Standards.

 D. Some of the designated accessible parking spaces do not have signs identifying them as accessible parking; in violation of section 216.5, 502.6 and 703.7.2.1 of the 2010 Standards.

 E. There are exposed water supply lines under the lavatory; in violation of section 606.5 of the 2010 Standards.

 F. There are water closets where the toilet flush is not located on the wide side of the toilet area in violation of section 604.6 of the 2010 Standards.

 G. There are urinals provided for public use that do not comply with sections 605.2 and 605.4 of the 2010 Standards.

 H. The baby changing station impedes into the clear floor space of the lavatory and the urinal; in violation of section 604.8.1.1 of the 2010 Standards.

 I. The Customer Service counter exceeds the maximum height set forth in sections 227.3 and 904.4.1 of the 2010 Standards.

 J. There are dining surfaces provided at the facility that do not comply with the standards prescribed in violation of sections 226.1, 306, 902.1, 902.2 and 902.3 of the 2010 Standards.

10. The foregoing violations are also violations of the 1991 Americans with Disability Act Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

11. The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its places of public accommodation or commercial facilities in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated

by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.  The Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 CFR 36.302 et. seq., and is discriminating against the Plaintiff, and by failing to, <u>inter alia</u>:

A. Provide accessible restrooms.
B. Provide accessible counters.
C. Provide doors with the required maneuvering clearances.
D. Provide toilets with flush control in compliance with the ADAAG.
E. Provide fixed or built in sitting in compliance with the ADAAG.
F. Provide accessible elements within reach ranges allowed in the ADAAG.
G. Provide accessible grab bars in the restrooms.
H. Provide toilet stall doors that open in compliance with the ADAAG.
I. Provide a continuous path of travel connecting all essential elements of the facility.
J. Provide proper handrails in compliance with the ADAAG.
K. Provide covering for pipes under sinks.
L. Provide restroom signage mounted in compliance with the ADAAG.
M. Establish and provide corporate policy to provide a disabled person with access to an accessible table if it was in use by able bodied persons.
N. Modify restrooms to be accessible, by complying with the following:
i. accessible path of access thereto;

    ii. the requisite door widths, offsets, level maneuvering spaces, accessible hardware and opening resistances;

    iii. identifying signage, with Braille, mounted at the requisite locations;

    iv. the requisite maneuvering clearances within the restrooms;

    v. insulate or configure pipes under lavatories to prevent burns or other injuries;

    vi. provide lavatories with accessible faucets, at the requisite height, and with the requisite knee clearances and maneuvering clearances for accessibility;

    vii. provide accessible soap, paper towel, toilet seat cover and other dispensers and controls within accessible reach parameters, with the requisite maneuvering clearances in front, and with accessible controls;

    viii. provide toilet(s) and/or toilet seat(s) at appropriate heights, with compliant grab bars, and with the requisite maneuvering clearances;

    ix. provide toilet(s) with the flush controls on the wide side of the toilets;

    x. provide mirrors at the requisite height; and

    xi. provide toilet paper dispensers mounted in the requisite, accessible locations.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there

has been an alteration to Defendant's places of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities are ones which were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the White Castle restaurants in Ohio to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures its violations of the ADA, and by requiring implementation of policies and procedures to remove existing ADA violations and barriers to access and to prevent them from reoccurring.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. § 4112.01 et seq.

17. Plaintiff restates the allegations of paragraphs 1-15 as if fully rewritten here.

18. The Defendant's White Castle restaurants, and the businesses therein, are "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

19. Defendant has committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff full enjoyment of its accommodations, advantages, facilities, or privileges. Plaintiff Richard Wagner has experienced extensive barriers to access at White Castles in the state of Ohio.

20. Pursuant to O.R.C. § 4112.99, Plaintiff is entitled to compensatory damages, and attorneys fees and costs, in an amount to be determined at trial, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE,** Plaintiff respectfully requests,

    b. The Court issue a Declaratory Judgment that determines that the Defendant's Restaurants in Ohio, at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    c. Injunctive relief against the Defendant in Ohio, including an order to make all its Restaurants in Ohio, readily achievable alterations to the facility; or to make such Restaurants readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded,

      denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

d. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

e. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act; and

f. For Count II, compensatory damages, and attorneys fees and costs, in an amount to be determined, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

                                                Respectfully submitted,

Dated: July 28, 2014                /s/Owen B. Dunn (OH74743)
                                          Owen B. Dunn, Jr., Esq. (OH74743)
                                          Trial Attorney
                                          Law Offices of Owen B. Dunn Jr.
                                          The Ottawa Hills Shopping Center
                                          4334 W. Central Ave., Suite 222
                                          Toledo, OH 43615
                                          (419) 241-9661
                                          (419) 241-9737 - Facsimile
                                          dunnlawoffice@sbcglobal.net

                                          Lawrence A. Fuller, Esq.
                                          Fuller, Fuller & Associates, P.A.
                                          12000 Biscayne Blvd., Suite 502
                                          North Miami, FL 33181
                                          (305) 891-5199
                                          (305) 893-9505 - Facsimile
                                          lfuller@fullerfuller.com

#4619-White Castle System, Inc. Complaint (slm 7-21-14).doc